UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENIS QUAIN, an individual,

       Plaintiff,                                    Case No. 09-13512
                                                          Hon. Marianne O. Battani

v.

AURAGAN, LLC, a Delaware
limited liability company,

       Defendant.
_____/

## ORDER AWARDING ATTORNEY FEES

Plaintiff Denis Quain initiated this action on September 4, 2009, alleging Defendant Auragan, LLC, defaulted on a Note and Security Agreement.  On October 1, 2009, the clerk entered judgment by default in the amount of $325,905.  Thereafter, Plaintiff filed a motion requesting attorney fees in the amount of $128,635.

Under Michigan law, parties to a contract may agree that the breaching party must pay the reasonable attorney's fees of the other side.  <u>Zeeland Farm Servs., Inc. v. JBL Enters., Inc.</u>, 555 N.W.2d 733, 736 (Mich. Ct. App. 1996).  Several factors must be considered when examining the reasonableness, including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

8) whether the fee is fixed or contingent.

Zeeland, 555 N.W.2d at 737 n. 3.

According to Plaintiff, the Promissory Note provided for recovery of costs and reasonable attorney fees, Def.'s Ex. A, and Plaintiff and his counsel entered into a contingency agreement that required payment of one-half of the first $100,000 recovered, 40% of the next $50,000, and one-third of any amounts in excess of $150,000. Aff. in Support of Attorneys' Fees at ¶ 3. Plaintiff directs the Court's attention to those cases in which state courts have awarded attorneys' fees based upon the amount of a contingency fee arrangement. See e.g. Awada v. Hamood, 2003 WL 21465339 (Mich. Ct. App. June 24, 2003). Accord City of Detroit v. J. Cusmano & Son, Inc., 459 N.W.2d 3, 5-6 (Mich Ct. App. 1989) (affirming a trial court's award of attorneys' fees based upon the amount a 33% contingency fee arrangement after examining many of the factors set forth in Crawley). Nevertheless, a contingency fee "is not irrebuttable proof that the same amount should be awarded [ ] as a reasonable attorney fee." City of Flint v. Patel, 497 N.W.2d 542, 545 (Mich. Ct. App. 1993).

Plaintiff's counsel notes that he has a great deal of experience, that he spent considerable time analyzing the evidence in this case as well as addressing jurisdictional issues. According to Plaintiff, the case was difficult because of jurisdictional and venue requirements. In addition, Plaintiff and his counsel deemed the fee reasonable because of the possibility of litigation in New York, where counsel was not admitted. Plaintiff's

counsel added that he could not find an attorney admitted to federal court in New York willing to act as local counsel on a contingency fee. Under those circumstances, counsel would have had to bear the costs of litigating in New York, which are significantly higher than in Detroit. Further, Plaintiff's counsel advanced the costs of litigation. Finally, Plaintiff's counsel argues that the results achieved warrant the award.

Here, the Court considers the contingency fee agreement; however, the agreement in and of itself is not dispositive.

In assessing the merits of Plaintiff's argument, the Court is mindful of the Supreme Court's decision in City of Burlington v. Dague, 505 U.S. 557, 562-67 (1992). Although the opinion is not binding as the Supreme Court was addressing attorneys' fees pursuant to federal statutory authority, the reasoning is helpful in resolving this dispute. Notably, the Supreme Court criticized awards of attorneys' fees based on the amount of a contingency fee as well as the use of a multiplier to increase the lodestar amount based upon the difficulty of the legal issues or the riskiness of assuming a case. The Supreme Court reiterated the merits of using the lodestar approach in addressing attorneys' fee award. The Sixth Circuit adopted the reasoning when it affirmed the lower courts award of attorney fees in a breach of contract case based on the hourly rate times the approved hours rather than a contingency fee in Advanced Accessory Systems, LLC v. Gibbs, Nos. 01-1740, 01-1796, 01-2245, 2003 WL 21674748 at * 9 (6th Cir. July 16, 2003).

Without question, the contingency fee agreement between Plaintiff and his attorney does not require Defendant to pay the amount contemplated in the agreement. Nor does the Court find the amount contemplated reasonable under the circumstances presented. Here, the matter was resolved by a default judgment; the issues were not particularly

difficult as reflected by the amount of time expended by Plaintiff's counsel.

Here, the Court cannot ignore the fact that Plaintiff's counsel spent a mere 29.1 hours on this matter.[1]  His hourly rate is $350.  Therefore, under the lodestar approach, reasonably attorneys' fees total $10,185, whereas the contingency fee arrangement yields an award of $128,635, an amount over twelve times the hourly rate.  Should the Court award the amount requested by Plaintiff, his counsel would recover attorneys' fees at an hourly rate of $4420.45.  Consequently, the Court declines to enter the amount requested.  Because Plaintiff's counsel did undertake the risk of litigation and advance the costs of this litigation, the Court finds he is entitled to fees at 1.5 times his hourly rate.  Accordingly, the Court awards Plaintiff's counsel attorneys' fees at a rate of $525 per hour for 29.1 hours.  Defendant is to pay Plaintiff's attorneys' fees in the amount of $15,277.50.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: December 16, 2009

## CERTIFICATE OF SERVICE

A copy of this Order was e-filed and/or mailed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager

---

[1] Although Plaintiff's counsel claimed he spent 28.6 hours, the attached invoice shows he spent 29.1 hours on this litigation.  Accordingly, the Court uses the hours as reflected in the invoice.

4